1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   Scott Lee DeShaw,                          No. CV-15-00892-PHX-JAT (JZB)

10                     Petitioner,             **REPORT AND**
                                              **RECOMMENDATION**
11   v.

12   Charles L. Ryan, et al.,

13                     Respondents.

14

15          Petitioner initiated this action on May 18, 2015 by filing a Motion to Hold Petition

16   for Writ of Habeas Corpus in Abeyance Pending Exhaustion of Appellate Issues in  State

17   Court pursuant to 28 U.S.C. § 2254 ("Petition").  (Doc. 1.)  The Court recommends the

18   Petition be dismissed for lack of subject-matter jurisdiction due to Petitioner's failure to

19   obtain advance leave from the United States Court of Appeals for the Ninth Circuit to file

20   a second-or-successive habeas petition in this Court.

21   **I.     Prior Federal Habeas Proceeding**

22          In 1997, Petitioner was convicted by a jury in Maricopa County Superior Court of

23   first degree murder, kidnapping, and armed robbery, and was sentenced to natural life for

24   the murder and consecutive terms of imprisonment for the other counts.  (Doc. 8-1 at 24,

25   31, 38.)  On October 29, 1998, the Arizona Court of Appeals affirmed Petitioner's

26   conviction and sentence, and on May 27, 1999, the Arizona Supreme Court denied

27   review.  (Doc. 8-1 at 25, 31.)  Petitioner filed a petition for post-conviction relief, which

28   was denied.  (Doc. 8-1 at 25.)  Petitioner then filed his first habeas corpus petition,

challenging his conviction and asserting that his rights under the Sixth and Fourteenth Amendments were violated (1) when the trial court failed to suppress evidence seized due to an illegal search and seizure, and (2) when the prosecutor made certain statements during his closing argument.  (Doc. 8-1 at 25.)  On March 14, 2002, this Court denied habeas corpus relief.  (Doc. 8-1 at 30-35.)   On February 20, 2003, the Ninth Circuit affirmed.  (Doc. 8-1 at 36-37.)

## II.     State Proceedings post-*Miller*

On June 25, 2012, the U.S. Supreme Court decided *Miller v. Alabama*, 132 S.Ct. 2455 (2012), in which the Court held that imposition of a mandatory life sentence without the possibility of parole on a person who was less than 18 years of age at the time of an offense violated the Eighth Amendment absent individualized consideration of the offender's age.  On June 25, 2013, Petitioner filed a successive state petition for post-conviction relief in the trial court based on *Miller*.   (Doc. 8-1 at 38.)  On July 8, 2013, the trial court dismissed Petitioner's successive post-conviction petition.  (Doc. 8-1 at 38-39.)  On April 21, 2015, the Arizona Court of Appeals granted review and denied relief. (Doc. 8-1 at 42-44.)   Petitioner then filed a petition for review with the Arizona Supreme Court.  On January 5, 2016, the Arizona Supreme Court denied Petitioner's petition for review.  *State of Arizona v. Deshaw*, CR-15-0156-PR, 2016 Ariz. LEXIS 9 (Jan. 5, 2016).

## III.    Successive Habeas Proceedings

On May 18, 2015, Petitioner filed this pending "Protective Petition," in which he asserts one ground for relief—that his "continued incarceration violates the Eighth Amendment of the U.S. Constitution and [the] U.S. Supreme Court['s]" decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012).   (Doc. 1 at 16-23.)   On the same day, Petitioner filed his Motion to hold his Petition in abeyance.  (Doc. 1 at 1-4.)   In his Motion, Petitioner requested the Court stay this matter pending the outcome of his petition for review in the Arizona Supreme Court.  (Doc. 1 at 3.)  This Court denied as moot Petitioner's request to stay the matter because the Arizona Supreme Court denied Petitioner's petition for review.  *State of Arizona v. Deshaw*, CR-15-0156-PR, 2016 Ariz.

LEXIS 9 (Jan. 5, 2016).  (Doc. 11.)

## IV.     Lack of Subject Matter Jurisdiction

Respondents assert that because "the Ninth Circuit has not granted Petitioner's application to file a second or successive habeas petition, this Court lacks jurisdiction over the petition."  (Doc. 8 at 3.)  Respondent is correct. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Petitioner has not received permission to file a successive petition in this court, the court is without jurisdiction and the petition must be dismissed. *See Burton v. Stewart*, 549 U.S. 147 (2007) (holding that district court lacks jurisdiction over unauthorized second or successive § 2254 petition); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (same).

Pursuant to Ninth Circuit Rule 22-3(a), this matter would be referred to the Ninth Circuit Court of Appeals. "Petitioner's failure to obtain leave to file from the Circuit justifies dismissal without prejudice, and Ninth Circuit Rule 22-3(a) plainly requires the Court to refer the petition to the Circuit." *Taylor v. Gonzales*, CV 14-06394-VBF-JC, 2014 WL 4826167, *3 (C.D. Cal. Aug. 27, 2014). But on May 12, 2015, Petitioner filed an Application for Leave to File Second or Successive Petition with the Ninth Circuit. (Doc. 8-1, Ex A, at 11.)[1] Because Petitioner's request to file a successive petition is pending before the Ninth Circuit, this Court lacks jurisdiction to rule on the matter.

## CONCLUSION

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011). Based on the above analysis, the Court is without subject-matter jurisdiction to entertain the petition now under 28 U.S.C. § 2244(b). The

---

[1] Once Petitioner filed his Application with the Ninth Circuit, the statute of limitations was tolled. *See Orona v. United States*, 826 F.3d 1196 (9th Cir. 2016) ("[T]he filing of a second or successive application in our court tolls the 1–year statute of limitations . . . until our court rules on the application.").

Court will therefore recommend that the Petition (Doc. 1) be dismissed without prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of November, 2016.

Honorable John Z. Boyle
United States Magistrate Judge