WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Lee DeShaw,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-15-00892-PHX-JAT<br><br>**ORDER** |

On December 21, 2016, this Court issued the following Order:

> Pending before the Court is the Report and Recommendation ("R&R") from the Magistrate Judge recommending that this case be dismissed for lack of jurisdiction. (Doc. 13). The R&R makes this recommendation because the Petition in this case is a second or successive petition filed without permission from the Court of Appeals to file another case. (Doc. 13 at 3).
> Prior to filing the Petition in this case, Petitioner filed a request for leave to file a second or successive petition with the Ninth Circuit Court of Appeals. (Doc. 13 at 3). The Ninth Circuit Court of Appeals appointed Petitioner counsel for that case. His counsel in that case has now filed a motion to be appointed as his counsel in this case and in any ancillary state court proceedings. (Doc. 14).
> In the motion for appointment, counsel correctly recounts that one factor the court should consider in deciding whether to appoint counsel is Petitioner's likelihood of success on the merits. (Doc. 14 at 2). Counsel then argues that Petitioner's *Miller* claim is likely to succeed on the merits. (Doc. 14 at 2-3). However, counsel makes no argument that this Court will ever reach the *Miller* claim in this case. In other words, counsel makes no argument that would overcome the R&R's conclusion that this Court is without jurisdiction to hear this case. Therefore, without expressing any opinion on the substance of Petitioner's *Miller* claim; the Court sees no likelihood of success in this case.
> Based on the foregoing,

**IT IS ORDERED** that the motion for appointment of counsel (Doc. 14) is denied in full.
**IT IS FURTHER ORDERED** that the motion for status conference (Doc. 16) is denied.
**IT IS FINALY ORDERED** that the motion for extension of time (Doc. 15) is granted such that Petitioner has until January 6, 2017, to file his objections to the R&R (Doc. 13).

(Doc. 17).

To date, Petitioner has not filed any objections to the R&R. Accordingly, the R&R will be accepted and adopted.[1]

However, it is unclear to the Court whether Petitioner received a copy of the December 21, 2016 Order. Specifically, when counsel filed the motion for appointment, he added himself to the docket as Petitioner's counsel; rather than as a Movant, thereby removing Petitioner himself from this Court's mailing list for the distribution of Orders. The Court assumes counsel mailed a copy of the Order to Petitioner, as counsel was intercepting Petitioner's mail from the Court; but the Court cannot be sure this occurred. Therefore, to the extent Petitioner did not file objections solely because he never received this Court's December 21, 2016 Order, if Petitioner files a timely Rule 59 motion to set aside the judgment, and contemporaneously files his objections to the R&R, the Court will re-open this case for purposes of considering the objections and deem them to be timely filed.

Accordingly,

---

[1] This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

1 **IT IS ORDERED** that the Report and Recommendation (Doc. 13) is accepted and adopted. The Petition in this case is dismissed, without prejudice, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that, if counsel did not send Petitioner a copy of the December 21, 2016 Order, Petitioner may timely file a Rule 59 motion and contemporaneously file his objections to the R&R, and the Court will consider those objections.

**IT IS FINALLY ORDERED** that the Clerk of the Court must update the docket to reflect Petitioner's pro se status, and mail a copy of both this Order and Doc. 17 to Petitioner.

Dated this 20th day of January, 2017.

_____
James A. Teilborg
Senior United States District Judge